**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT MONACO, on behalf of himself and all others similarly situated, | Civil Case No.: 1:23-cv-00724 CPO-MJS |
| Plaintiff(s), | CIVIL ACTION |
| -against- | **SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SN SERVICING CORPORATION; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ROBERT MONACO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, SN SERVICING CORPORATION ("SN SERVICING") and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      Defendant's claims this Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and has removed this case to this Court.

3.      Venue is proper in Burlington County because the Plaintiff resides there, and the acts of the Defendant that give rise to this action occurred in Burlington County.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SN SERVICING maintains a location at 323 5th Street, Eureka, California 95501.

8.      Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all New Jersey consumers and their

successors in interest (the "Class"), who Defendants collected or attempted to collect a debt

from, in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined

as:

- All New Jersey consumers who SN SERVICING collected or attempted to collect a debt from, which was owned by NP162 LLC, and which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were subjected to the Defendant's conduct that violates specific provisions of the FDCPA. Plaintiff is complaining of a standard form conduct.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether the Defendants violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Sometime prior to January 13, 2022, Plaintiff allegedly incurred a financial obligation/debt to a previous creditor in connection with a residential mortgage.

16.     That obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family or household purposes.

17.     Plaintiff did not incur the obligation for business purposes.

18.     The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     The previous creditor is a "creditor" as defined by 15. U.S.C. § 1692a(4).

20.     At some time prior to January 13, 2022, the obligation was allegedly assigned, purchased by and/or sold to NP162 LLC ("NP162").

21.     The principal purpose of NP162 is the collection of debts, which are in default at the time it is assigned or purchases the debts.

22.     At the time NP162 was assigned or purchased the obligation, said obligation was past due.

23.     At the time NP162 was assigned or purchased the obligation, said obligation was in default.

24.     At some time prior to January 13, 2022, the obligation was referred to SN SERVICING by NP162 for the purpose of collections.

25.     At the time NP162 referred the NP162 obligation to SN SERVICING, the obligation was past due.

26.     At the time NP162 referred the NP162 obligation to SN SERVICING, the obligation was in default.

27.     SN SERVICING caused to be delivered to Plaintiff a letter dated January 13, 2022, which was addressed to Plaintiff.  See **Exhibit A,** which is fully incorporated herein by reference.

28.     Upon receipt, Plaintiff read and relied on the statements and representations in the January 13, 2022 letter.

29.     The January 13, 2022 letter advised Plaintiff of the following:

**NOTICE OF ATTEMPT TO COLLECT DEBT**

YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

30.     The January 13, 2022 letter also stated the following:

> If you dispute this debt, or any portion thereof, you should notify SN Servicing Corporation **in writing** within thirty (30) days after receipt of this letter.  If you send a written request within the thirty (30) days, we will provide you with verification of the debt and/or a copy of any judgment that we may hold against you.  If applicable, upon receipt of your written request, we will provide you with the name and address of the original creditor.  Unless you notify us of any dispute to the validity of this debt, we will assume that it is valid. (emphasis added)

31.     Defendant's January 13, 2022 letter caused Plaintiff to be confused.

32.     Further, Plaintiff understood that the debt could still be disputed.

33.    Pursuant to Regulation F, Defendant failed to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt.  See 12 CFR 1006.34(c)(3)(i)-(iii).

34.    For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) **after** the debt collector provides it.

35.    Thus, the debt collector must provide a minimum period of 37 days for a consumer to dispute a debt, as any period would include at least 35 days not including Saturday and Sunday or legal public holidays.

36.    Defendant's January 13, 2022 letter did not provide Plaintiff with the full time period to dispute the debt, request verification or request the name and address of the original creditor.

37.    Defendant's January 13, 2022 letter advised that the debt was not yet assumed to be valid by SN SERVICING and would only be assumed to be valid if Plaintiff failed to dispute the debt <u>in writing</u> within 30 days after receipt of the January 13, 2022 letter.

38.    Thus, Defendant imposed a requirement that Plaintiff dispute the debt in writing within the 30-day period otherwise the Defendant would assume the debt was valid.

39.    The plain language of 15 U.S.C. § 1692g(a)(3) permits a consumer to dispute a debt orally and does not impose a writing a requirement. *See*,  <u>Riccio v. Sentry Credit, Inc</u>.

40.    Congress did not write 15 U.S.C. § 1692g(a)(3) to require a written dispute.

41.    As such, Defendant failed to properly inform Plaintiff of his rights to dispute the debt orally under 15 U.S.C. § 1692g(a)(3).

42.    Further, Defendant placed a burden on Plaintiff to dispute the debt in writing under 15 U.S.C. § 1692g(a)(3) when no such requirement existed.

43.    An oral dispute made pursuant to 15 U.S.C. § 1692g(a)(3) can defeat the debt collector's presumption of validity, still prevent debt collectors from reporting the debt without noting the dispute and still preclude debt collectors holding multiple debts of the same debtor from applying a payment to the disputed debt.

44.    Plaintiff should be able to read the Defendant's January 13, 2022 letter and reasonably discern his rights.

45.    A collection letter can mislead the least sophisticated consumer by using language other than the language Congress chose.

46.    Defendant chose to stray from giving Plaintiff the full and correct time period to dispute the debt and also chose to impose an "in writing" requirement not allowed by 15 U.S.C. § 1692g(a)(3).

47.    Rather than enlarge Plaintiff's rights under the FDCPA, Defendant shortened the time to dispute the debt and also imposed an "in writing" requirement not allowed by 15 U.S.C. § 1692g(a)(3).

48.    Although Defendant advised Plaintiff that it was attempting to collect a debt owed to NP162 and that Plaintiff could dispute the debt, the January 13, 2022 letter failed to advise Plaintiff what the amount of the debt was.

49.    Thus, Plaintiff ability to intelligently dispute the NP162 obligation was frustrated as Plaintiff had no idea what Defendant was claiming was owed on the NP162 obligation.

50.    In addition, Plaintiff understood that **all** disputes made within 30 days of receipt of the January 13, 2022 letter had to made in writing to the Defendant in order to be effective.

51.     In fact, at the time of receipt of the January 13, 2022 letter, the time period to dispute the debt, obtain verification of the debt and to request the name of the original creditor had expired and thus Defendant was under no obligation to comply with such requests/disputes.

52.     Upon reading the January 13, 2022 letter, Plaintiff was confused and unsure as to his rights related to disputing the validity of the obligation.

53.     Upon reading the January 13, 2022 letter, Plaintiff was confused and unsure as to the amount of the NP162 obligation.

54.     The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses.  See 15 U.S.C. § 1692(e).

55.     SN SERVICING knew or should have known that its actions violated the FDCPA.

56.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

57.     It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     Falsely representing the character or legal status of a debt;
>
> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt ; and

(d)     Overshadowing and/or contradicting the notices required under 15 U.S.C. § 1692g(a) et seq and Regulation F.

58.     On information and belief, Defendants have made collection attempts against at least 40 natural persons in the state of New Jersey within one year of this Complaint on behalf of NP162.

## COUNT I

### NEW JERSEY DECLARATORY JUDGMENT ACT

59.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

60.     As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

61.     Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

62.     Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

63.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

64.    Collection communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65.    Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

66.    Defendant's January 13, 2022 letter violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); § 1692f; and § 1692g(a) et seq.

67.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

68.    Defendants violated the FDCPA by falsely implying that Plaintiff still had time and/or a legal right to: dispute the debt and prevent the debt collector from assuming the debt was valid; still had time and/or a legal right to request and receive verification of the debt; and still had time and/or a legal right to request the name and address of the original creditor despite the fact that the time had already expired.

69.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing and/or implying that Plaintiff had to dispute the debt in writing under 15 U.S.C. § 1692g(a)(3).

70.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing and/or implying the time period that Plaintiff had to dispute the debt, request verification or request the name and address of the original creditor.

71.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by failing to include all of the information required by Regulation F to be in the January 13, 2022 letter.

72.    As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

73.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

74.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

75.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character or legal status of a debt.

76.     As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

77.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

78.     As described herein, Defendants violated 15 U.S.C. § 1692f.

79.     As described herein, Defendants violated 15 U.S.C. § 1692g(a) et seq.

80.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82.     Plaintiff and others similarly situated were sent communications, which affected their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel pursuant to R.4:32;

(b)     Awarding statutory damages to Plaintiff and the Class;

(c)     Awarding attorneys' fees and costs;

(d)     Awarding pre and post-judgment interest.

(e)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 27, 2023

s/ Joseph K. Jones
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 27, 2023

s/ Joseph K. Jones
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A



**SERVICING
CORPORATION**

323 5TH STREET
EUREKA, CA 95501
800-603-0836
8:00 am – 5:00 Pacific Time

1/13/2022

ROBERT MONACO

██████████████████

RE: Mortgage Note dated: 11/27/2006
     Account No.: ███████781

PROPERTY ADDRESS:       ██████████████████

## NOTICE OF ATTEMPT TO COLLECT DEBT

**Para información en español llame al (800) 603-0836 ext 2660 o 2643
For more information in Spanish call (800) 603-0836 ext 2660 or 2643**

*YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.*

Dear ROBERT MONACO:

Please be advised that I represent SN Servicing Corporation, who is the agent for NP162 LLC. The note identified in the above referenced account number has been transferred to NP162 LLC, and SN Servicing Corporation is attempting to collect this debt on its behalf.

SN Servicing Corporation reviewed the request for a settlement of the debt for this loan with the investor. Unfortunately, we are unable to grant a settlement of this loan based on the review of the information provided with the request and the file that we have for this loan. Therefore, the request is denied. This notice is being sent in compliance with the applicable rules and regulations required by law.



SERVICING
CORPORATION

If you are a service member or a dependent of a service member, you may be entitled to certain protections under the federal Servicemember's Civil Relief Act (50 U.S. C. Sec. 501 et seq.) regarding the servicemember's interest rate and the risk of foreclosure, and counseling for covered servicemembers that is available at agencies such as Military One Source and Armed Forces Legal Assistance. You may be entitled for homeownership counseling from one of the Department of Housing and Urban Development approved homeownership counseling agencies. You may be able to obtain financial assistance from programs operated by the State or Federal government or non profit organizations. Homeownership counseling is available through certain agencies approved by the Department of Housing and Urban Development. You can obtain a list of HUD approved housing counseling agencies by calling 800-569-4287.

If you dispute this debt, or any portion thereof, you should notify SN Servicing Corporation in writing within thirty (30) days after receipt of this letter.  If you send a written request within the thirty (30) days, we will provide you with verification of the debt and/or a copy of any judgment that we may hold against you.  If applicable, upon receipt of your written request, we will provide you with the name and address of the original creditor.  Unless you notify us of any dispute to the validity of this debt, we will assume that it is valid.  You have the right to bring a court action to assert the nonexistence of the breach of contract or any other legal defense to acceleration or foreclosure.  You may, if provided by law or the loan documents, have the right to cure this default after acceleration of the sum outstanding and prior to foreclosure of the property by paying all amounts past due.

**If you are a North Carolina resident and you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov .**

Sincerely,

SN Servicing Corporation
Jeff Harrison
800-603-0836 ext. 2643
NMLS # 1314656

Revised 07-26-2021